**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50049 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-00673-H-2 |
| v. | |
| CELESTINO MADRID, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted July 9, 2014[**]
Pasadena, California

Before: BERZON and CLIFTON, Circuit Judges, and ROSENTHAL, District
Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lee H. Rosenthal, District Judge for the U.S. District
Court for the Southern District of Texas, sitting by designation.

Celestino Madrid appeals the district court's denial of his motion to suppress evidence of methamphetamine found in his car following a stop by a California Highway Patrol ("CHP") officer. Because it was not clear error for the district court to find probable cause for the stop, we affirm.

The district court did not err in applying the collective knowledge doctrine to impute the DEA task force's knowledge to the CHP officer. Madrid does not dispute that the DEA investigators who observed him receive drugs from an undercover informant had probable cause to arrest. What Madrid contests is whether there was sufficient evidence of communication between the officers to impute the DEA investigators' knowledge of the underlying facts to the arresting CHP officer.

While the collective knowledge doctrine assumes some "communication" between agents occurs, this Court made clear in *United States v. Ramirez*, 473 F.3d 1026, 1033 (9th Cir. 2007) that the doctrine applies so long as the officer with probable cause identifies the target and "directs or requests" another officer to conduct a stop. *Id.* at 1036 ("[W]here one officer directs another to take some action, there is necessarily a 'communication' between those officers, and they are necessarily functioning as a team."). *Ramirez* rejected defendants' argument that the "information conveyed . . . must relate in some meaningful way to suspected criminal activity." *Id.*

Madrid nonetheless argues that direct evidence about the communication between the DEA investigators and CHP officer is necessary to establish that "the communication had the effect of making the arresting officer part of the team." If the contention is that evidence of the content of the communication matters, it runs squarely against our holding in *Ramirez* that the collective knowledge doctrine "includes no requirement regarding the *content* of the communication that one officer must make to another." *Id.* at 1036-37; *see also id.* at 1032-33.

The contention fares no better if it is that the evidence of any communication between the DEA and the CHP officer was insufficient. There was sufficient circumstantial evidence to support the district court's finding that some communication between the DEA and CHP officer occurred that prompted the CHP officer to make the stop: The DEA had plans to contact law enforcement officers in a marked car to make the stop; Officer Pena testified that he heard a call made over the radio for a marked unit to stop the car; a marked unit shortly thereafter did stop the car that was described. Madrid's reliance on *United States v. Villasenor*, 608 F.3d 467 (9th Cir. 2010), is unconvincing. *Villasenor* did not apply the collective knowledge doctrine because "the record [was] devoid of *any* communication between [the arresting and investigating officers]." 608 F.3d at 475-76 (emphasis added).

**AFFIRMED.**